UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOLANDA MARIE PEEPLES, ) | CASE NO. 1:05 CV 2482 |
| ) | |
| Petitioner, ) | JUDGE JAMES S. GWIN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY DEPARTMENT ) | AND ORDER |
| OF CHILDREN ) | |
| AND FAMILY SERVICES ) | |
| ) | |
| Respondent. ) | |

On October 21, 2005, pro se petitioner Jolanda Marie Peeples filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254. Ms. Peeples's six children are in the permanent custody of the Cuyahoga County Department of Children and Family Services ("DCFS"), having been adjudicated abused and neglected. She cites to several procedural errors she believes were committed by the juvenile court when it made its permanent custody decision. She asks this court to conduct an independent review of the merits of the case.

*Background*

On May 22, 2001, petitioner's boyfriend, Jermaine Davis, physically assaulted three of her five children in her home. Petitioner was present at the time of the incident and allegedly failed to intervene to stop the abuse. Her sister, Theodorsha Orr, was also present and alerted local

law enforcement officials.  When the police arrived at the home, Ms. Peeples allegedly attempted to hide the most severely injured child in a back room, but did not succeed.  Mr. Davis was convicted of child endangerment and is serving a five year term of incarceration.  Ms. Peeples was convicted of obstructing justice and was sentenced to a five year term of probation.  Mr. Davis and Ms. Peeples were married later that year.

All five children were removed from petitioner's home by DCFS on May 29, 2001. The following day, DCFS filed a complaint for abuse, dependency and neglect in the Cuyahoga County Juvenile Court and requested permanent custody of the children.  Ms. Peeples gave birth to a sixth child in December 2001.  That child was also taken from Ms. Peeples before she left the hospital, and was included in DCFS's amended petition for permanent custody.

Ms. Peeples alleges she suffered from a mental illness and was not competent to assist her attorney in the proceedings.  She indicates that at the time of the hearing, she suffered from "post traumatic stress disorder, chronic stress disorder, anxiety, depressed mood, withdrawal, psychosocial stress, and adjustment disorder." (Compl. at 2.) She contends that although a juvenile court magistrate suggested the appointment of a guardian ad litem for her, her attorney declined the appointment without her consent.  She also states the attorney allowed her to make damaging admissions during this hearing without fully understanding the consequences of those acknowledgments.  The children were adjudged abused and/or neglected on July 31, 2002.

The disposition phase of the trial was held on February 5, 2003.  Ms. Peeples contends a different attorney represented her during these proceedings.  He also failed to request the appointment of a guardian ad litem to represent her interest.  She contends he made stipulations to the court without conferring with her, did not keep her informed of the course of the proceedings,

and did not adequately prepare for the trial. Clinical psychologist, Dr. Ezzo, testified that the children had been abused by Mr. Davis on several occasions and did not want to live with their mother because they feared Mr. Davis would return to the home when he is released from prison. Other family members testified to Mr. Davis's physical abuse of the children. Ms. Peeples argued that she completed the reunification requirements and maintained contact with her children. She contends DCFS is speculating that she will allow Mr. Davis to return to the home because she has not filed for divorce and has not indicated her intent to do so in the future. Several people testified on behalf of Ms. Peeples stating that she had never injured her children and had attempted to maintain contact with them while they were in foster care. On March 13, 2003, the court rendered its decision awarding permanent custody of five of the children to DCFS. Permanent custody of the remaining child was awarded to that child's father.

Ms. Peeples appealed that decision to the Ohio Eighth District Court of Appeals, claiming that the trial court's failure to appoint a guardian ad litem for her violated her constitutional rights, and that the trial court erred by failing to consider a permanent living arrangement instead of an award of permanent custody. The decision of the Juvenile Court was upheld on March 25, 2004 and the Ohio Supreme Court declined to hear the matter. She filed a Motion for Reconsideration with the Ohio Eighth District Court of Appeals, which was also denied. Ms. Peeples states she then filed a Motion to Modify Custody and a Motion for Visitation. The court granted her visitation privileges with respect to one of her children. Her request for custody or visitation of the other children was denied in May 2004.

Ms. Peeples has now filed a petition for a writ of habeas corpus claiming her children are in the custody of the state based on proceedings which violated her constitutional

3

rights. She claims the Juvenile Court denied her due process by failing to appoint a guardian ad litem to represent her interest. She also contends she was denied effective assistance of counsel. Ms. Peeples requests this court obtain the juvenile court records and hear the matter on its merits.

*Analysis*

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). The United States Court of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

As a threshold matter, Ms. Peeples is not claiming she is in custody in violation of the Constitution. The term "custody" is not limited solely to physical confinement. Sevier v. Turner, 742 F.2d 262, 268-69 (6th Cir. 1984). Persons on parole, probation or bail may be in custody for purposes of § 2254. Although Ms. Peeples is on probation for her role in the May 2001 incident, she is not claiming her conviction was obtained in violation of the Constitution. Rather, her petition clearly challenges the two civil juvenile court custody proceedings. Federal habeas is not available to challenge parental rights or child custody decisions. Lehman v. Lycoming County Children's Services, 458 U.S. 502, 511 (1981).

Furthermore, even if this court could construe Ms. Peeples's complaint as arising

4

under 42 U.S.C. § 1983, it would be dismissed. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates the his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562 *2 (6th Cir. Sept. 28, 1999); see also, Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

      The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or

5

unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

In the present action, Ms. Peeples's claims directly attack the state court's custody decisions. All of the allegations in these causes of action concern specific grievances that the law was incorrectly applied to Ms. Peeples's case, and are clearly predicated on her belief that the state courts were mistaken in rendering their decisions against her. Moreover, Ms. Peeples requests as relief that this court intervene in the state matter and reconsider all of the evidence. Any review of the constitutional claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against her. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

## *Conclusion*

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


Dated: October 26, 2005	*s/ James S. Gwin*
	JAMES S. GWIN
	UNITED STATES DISTRICT JUDGE